UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JANE DOE,
    Plaintiff,
v.

BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND,
    Defendant.

C.A. No. 15-cv-41-M-LDA

ORDER

Jane Doe had a history of severe mental illness, including anorexia nervosa and obsessive-compulsive disorder for which she sought treatment. Her group health insurance plan issued and administered by Blue Cross & Blue Shield of Rhode Island ("BCBSRI") denied her benefits for two periods of in-patient treatment (a combined total of about five months). BCBSRI deemed the treatment not "medically necessary." Ms. Doe engaged in various appeals of the denial of reimbursement for the first period of treatment. Ultimately, she filed this action against BCBSRI to recover medical expenses for the two treatment periods that she claims BCBSRI should have paid under her ERISA-regulated group health plan.

The single issue that is now before this Court on Plaintiff's Motion for Partial Summary Judgment (ECF No. 18) is: what is this Court's standard of review of BCBSRI's denial of benefits – abuse of discretion or de novo? This Court in *Doe v. Blue Cross & Blue Shield of Rhode Island*, C.A. No. 11-647-M, May 30, 2013 (see ECF No. 20-1), on substantially similar health insurance plan language, held that the plan

granted discretionary decision-making authority to BCBSRI requiring this Court to review the insured's claim pursuant to an abuse of discretion standard.

Since this Court's ruling in *Doe*, the First Circuit has set forth the appropriate analysis that district court's should follow in determining if an ERISA-regulated health plan confers discretionary decision-making authority requiring an abuse of discretion analysis. *Stephanie C. v. Blue Cross Blue Shield of Massachusetts*, 813 F.3d 420 (1st Cir. 2016). The First Circuit now specifically rejects the notion that the "power to decide . . . necessarily implies the existence of discretion."

> [The Plan] language merely restates the obvious: that no benefits will be paid if BCBS determines they are not due. [citation omitted] (noting that "[a]ll plans require an administrator first to determine whether a participant is entitled to benefits before paying them").
>
> Clarity of language is crucial to accomplishing a grant of discretionary authority under an ERISA plan, and the Certificate lacks that degree of clarity. Under our case law, the "BCBS decides" language falls well short of what is needed for a clear grant of discretionary authority. [citations omitted]. Put bluntly, the quoted language is not sufficiently clear to give notice to either a plan participant or covered beneficiary that the claims administrator enjoys discretion in interpreting and applying plan provisions.

*Id.* at 428.

Furthermore, the First Circuit now mandates that the existence of discretion in the plan must be unambiguous and specific in its retention of discretionary authority. Reasonable alternative interpretations of the plan language are not sufficient to require discretionary review by this Court.

> [T]he Plan "must offer more than subtle inferences." [citation omitted]. Here, the inference of discretion is subtle at best: it is merely one of two

> equally plausible inferences that a reader might draw from the "BCBS decides" language.
>
> The short of it is that a grant of discretionary decisionmaking authority in an ERISA plan must be couched in terms that *unambiguously* indicate that the claims administrator has discretion to construe the terms of the plan and determine whether benefits are due in particular instances. [citation omitted]. The phraseology that BCBS chose to use in the Certificate to describe its decisionmaking authority is capable of supporting reasonable differences of opinion as to the nature and extent of the authority reserved to BCBS. A fortiori, that phraseology is insufficiently distinct to constitute a clear grant of discretionary decisionmaking authority.

*Id.* (emphasis in original).

The plan language sets forth BCBCRI's "power to decide." However, *Stephanie C.* now instructs that the power to decide does not bestow discretion. The language of Jane Doe's plan "merely restates the obvious: that no benefits will be paid if BCBS[RI] determines they are not due." *Id.*

This Court in its *Doe* 2013 bench decision stated, "The right to determine benefits and determine eligibility for benefits grant[ed] Blue Cross discretionary authority." (ECF No. 20-1 at 13). Under *Stephanie C.*, that is no longer sufficient. Simply put, the First Circuit's recent ruling in *Stephanie C.* has set forth a new and more focused analysis in this area – to wit, "unambiguous" and more than "restating the obvious" – such that this Court's ruling in *Doe* 2013 is no longer applicable in analyzing the standard of review under this plan language.

Because Jane Doe's BCBSRI plan does not "unambiguously indicate that the claims administrator has discretion to construe the terms of the plan and determine whether benefits are due in particular instances" (*Id.*), this Court must utilize the

3

default standard of review, i.e., de novo review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

Plaintiff's Motion for Partial Summary Judgment on the issue of the standard of review applicable to her case (ECF No. 18) is GRANTED.

SO ORDERED:

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

August 9, 2016